[685 NYS2d 614]

In the Matter of ABBOT N. SOLOMON (Admitted as ABBOT NEIL SOLOMON), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 25, 1999

**APPEARANCES OF COUNSEL**

*Richard M. Maltz* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Abbot N. Solomon was admitted to the practice of law in the State of New York by the First Judicial Department on July 27, 1987 as Abbot Neil Solomon. On or about September 22, 1997, respondent pleaded guilty in the United States District Court for the Eastern District of California to one count of conspiracy to commit money laundering (18 USC § 1956 [h]), a felony. Pursuant to an amended judgment entered in that court on May 26, 1998, respondent was sentenced to a term of 18 months' incarceration followed by 36 months of supervised release, and restitution in the amount of approximately $1.4 million.

Respondent submits his resignation pursuant to 22 NYCRR 603.11. In his affidavit of resignation dated December 8, 1997, respondent admitted to the facts underlying his conviction, which he averred did not implicate the practice of law. He admitted his participation in a scheme with two others, one an employee of a major corporation, whereby the employee would order goods at inflated prices from a company identified as Gala Enterprises, and the conspirators would share the proceeds among themselves. In a separate letter dated June 4, 1998, respondent conceded that he pleaded guilty to the criminal charge insofar as he could not defend it on the merits. By motion dated June 29, 1998, the Departmental Disciplinary Committee (DDC) moved to accept respondent's resignation from the Bar. By order entered September 22, 1998 (253 AD2d 687), we denied the motion, finding respondent's affidavit, which omitted acknowledgment of the disciplinary investigation and acknowledgment that if disciplinary charges were based on his misconduct, he could not successfully defend himself on the merits against such charges, to be technically inadequate (22 NYCRR 603.11 [a] [2], [3]).

By letter dated December 17, 1998, respondent acknowledged that there was a pending disciplinary investigation arising from the Federal charge, constituting unprofessional conduct, that he was guilty in fact, and as such could not successfully defend himself on the merits. The letter concluded with a simultaneous resignation from the New York Bar.

By motion dated January 13, 1999, DDC moved again for an order accepting respondent's resignation. Since respondent has now fully complied with disciplinary requirements as articulated in our prior order, the motion should be granted, and

respondent's resignation accepted nunc pro tunc to September 22, 1997, the date respondent pleaded guilty to the Federal felony.

SULLIVAN, J. P., NARDELLI, WILLIAMS, TOM and MAZZARELLI, JJ., concur.

Motion granted, resignation by respondent accepted, and the name of respondent stricken from the roll of attorneys and counselors-at-law in the State of New York nunc pro tunc to September 22, 1997.